PETER YAWGER v. JAMES MANNING AND OTHERS.

1.  In an action of trespass in a justice's court, a plea that there was a road across the *locus in quo*, to which the defendants had a title in common with all other citizens of this state, and that they entered within the limits of this road, is not a plea of title to any real estate. Such plea means nothing more than that the defendants had right, in common with all citizens, to a road across the *locus in quo*, which is merely a right of highway.

2.  The defendants tendering the plea as a plea of title, are not thereby

estopped from denying that it was such plea, unless on the ground of wilful misrepresentation by defendants, on which the plaintiff was induced to act to his injury.

In trespass. On motion to strike out pleas.

For the plaintiff, *J. N. Voorhees.*

For the defendants, *J. T. Bird.*

The opinion of the court was delivered by

BROWN, J. This action was commenced before a justice of the peace. The defendants pleaded that there was a road across the *locus in quo*, to which they had a title in common with all other citizens of this state, and that they entered within the limits of this road. The defendants also gave a title bond, as required by the statute, and thereupon the plaintiff brought suit in this court. The defendants have pleaded here—1st, the general issue; 2d, that there was a common highway over said close, and that the defendants, having occasion to use the highway, entered on the same, and filled up the ditch, which was an obstruction to its use; 3d, that Manning, one of the defendants, was an overseer of the highways, and that this part of the highway over the close in question was lawfully assigned to him; and that he and the other defendants, by his order, entered to repair and remove obstructions from the same, and to that end necessarily did the acts complained of. These pleas are not pleas of title. The questions arising upon them could have been tried before the justice. A right to use a highway is not a title to real estate.

The plaintiff moves to strike them out, because he contends the defendants, having pleaded title below, are bound to plead title here, pursuant to the 40th section of the act constituting courts for the trial of small causes, and the effect given to that and the two succeeding sections by this court. The language of the 40th section is, " that when, in any action brought by virtue of this act, the defendant shall, as a justi-

fication, plead title to any real estate in himself, or another under whom he acted or entered, such defendant shall commit such plea to writing, &c., and thereupon it shall be lawful for the plaintiff to commence his action in this court, and recover costs," &c.

The success of the plaintiff's motion depends upon the question, whether the defendants did plead title in the justice's court to any real estate. It is only *when* that occurs that the sections of the small cause act and the decisions of this court upon the effect of them, referred to above, are brought into action. The plea is, that there was a road over and across the close mentioned and described in the plaintiff's state of demand, to which these defendants had a title in common with all other citizens in this state, and that they entered within its limits, &c., as they lawfully might, &c.

If this meant that the defendants had a right of way over the close by grant, or twenty years' adverse use of it, it would be a plea of title. 1 *Harr. R.* 226, *Randolph* v. *Montfort.* A right of way is real estate, an incorporeal hereditament. But this plea cannot be understood as meaning such a right: they allege it to be a title to a road. This, by itself, might leave a doubt. The construction in favor of its being a plea of title should be taken most strongly against the pleader. If it be not such, he has misled the justice and the plaintiff. But when the pleader adds the words, in common with all the other citizens of this state, he excludes the idea of its being a way originating by grant, or use, or any estate or individual right. Taking the whole together, it means no more than a right, in common with all citizens of the state, to a road across the *locus in quo*, and this is nothing less or more than a right of highway. It was suggested, upon the argument, that the defendants were estopped to deny that their plea was a plea of title by their action in the justice's court, in tendering the plea as such, and giving bond reciting that they had pleaded title to the land as a justification.

In an action on the bond, the defendants would be estopped to deny the facts recited in it; but the recital, besides

stating the fact of a plea of title, shows also what the plea was, so that the bond proves no more than the plea. Tendering the plea as a plea of title if an estoppel, must be such *in pais*, and on the ground of wilful misrepresentation by defendants, on which plaintiff was induced to act to his injury. There is no evidence of wilful misconduct. So far as appears, the taking this plea as a plea of title was a mistake of law by the plaintiff, as well as the defendants and the justice.

Motion denied.

Cited in *Kuhl* v. *Mayor of Jersey City*, 8 *C. E. Gr.* 87.